# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:05CR00077 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WILLIAM GRAY WADE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*William Gray Wade, Pro Se Defendant.*

Defendant William Gray Wade, a federal inmate proceeding without counsel, filed a letter/motion dated September 23, 2013 (ECF No. 66), seeking preparation of a transcript at government expense in order to prepare a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Because Wade stated some intended § 2255 claims in his letter, I construed his submission as a § 2255 motion. Based on Wade's objection to this construction, I will now dismiss the § 2255 motion without prejudice and deny his motion regarding transcripts.

On October 4, 2013, I issued an order, notifying Wade that I had construed his letter as a § 2255 motion, *see Castro v. United States*, 540 U.S. 375 (2003), that his submission appeared to be untimely filed as a § 2255 motion and was not signed under penalty of perjury as required, and that he had 10 days to submit his

objection to my construction of his motion as a § 2255 motion or to submit an amended § 2255 motion signed under penalty of perjury. Wade has responded with a written objection, which the court construed and docketed as a Motion for Voluntary Dismissal, which shall be granted. Wade states that he did not intend, and does not want the court to treat, his current motion as a § 2255 motion.

Wade also reasserts his demand for a transcript of the sentencing hearing at government expense. He states that he has a particularized need for the transcripts in order to support his claim that I improperly denied him any reduction at sentencing for acceptance of responsibility and to demonstrate that counsel provided ineffective assistance.

In light of Wade's unequivocal objection to construction of his motion as a § 2255 motion, it is **ORDERED** that the § 2255 action (ECF No. 68) is DISMISSED WITHOUT PREJUDICE and stricken from the active docket of the court. Based upon the court's finding that the defendant has not made the requisite showing of denial of a substantial right, a certificate of appealability is DENIED.

It is further **ORDERED** that Wade's letter/motion for preparation of transcripts (ECF No. 66) is DENIED at this time. From Wade's current submissions and the record, it appears that Wade's intended § 2255 claims would be procedurally barred from review, because he did not raise them on appeal or because he did not file his § 2255 motion within the time limits defined in 28

U.S.C. § 2255(f). Therefore, until Wade submits his § 2255 motion and demonstrates reasons that his claims are not procedurally barred, the court cannot determine whether the requested transcript will be necessary to decide his claims. *See* 28 U.S.C. § 753(f).[1]

ENTER: October 17, 2013

/s/ James P. Jones
United States District Judge

---

[1] Section 753(f) states, in pertinent part:

Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.